Form 240 - Reaffirmation Agreement (08/06)

☐ Presumption of Undue Hardship
☒ No Presumption of Undue Hardship
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
## Central District of Illinois

In re ROBERT W. BUCHER and
JENNIFER L. BUCHER,                    Case No.   09-83646
            Debtor                     Chapter    7

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☐ Part A: Disclosures, Instructions, and
   Notice to Debtor (Pages 1 - 5)
☐ Part B: Reaffirmation Agreement
☐ Part C: Certification by Debtor's Attorney
☐ Part D: Debtor's Statement in Support
   of Reaffirmation Agreement

*[File Part E only if debtor was not represented by an attorney during the course of negotiating this agreement.]*
☐ Part E: Motion for Court Approval
☐ Proposed Order Approving Reaffirmation

**Name of Creditor:** IPAVA STATE BANK

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

**1.    DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

#### SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirements of the Bankruptcy Code.

#### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm: $1,755.11 plus interest from 12/8/2009 (includes $100.00 attorney's fees)

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

Form 240 - Reaffirmation Agreement (08/06) (Cont.) 2
### ANNUAL PERCENTAGE RATE

— *And/Or* —

   (ii)    The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: ____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:
$_____ @ _____%;
$_____ @ _____%;
$_____ @ _____%.

b.    If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

   (i)    The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: 7.9%.

— *And/Or* —

   (ii)    The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor:  7.9%. If different simple interest rates apply to different balances included in the amount reaffirmed,

Form 240 - Reaffirmation Agreement (08/06) (Cont.) 3

    the amount of each balance and the rate applicable to it are:
    $1,755.11 + interest from 12/8/2009@ 7.9%;
    $_____ @ _____%;
    $_____ @ _____%.

c.    If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act: The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d.    If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

**Item or Type of Item**           **Original Purchase Price or Original Amount of Loan**

2000 Pontiac Grand Prix SE VIN #1G2WJ52JYF190973    $3,075.00

*Optional—At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your payment schedule will be: 19 payments in the amount of $98.58 each, payable monthly on the 2nd day of each month, unless altered later by mutual agreement in writing.

Form 240 - Reaffirmation Agreement (08/06) (Cont.) 4

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

Form 240 - Reaffirmation Agreement (08/06) (Cont.) 5

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action.If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Form 240 - Reaffirmation Agreement (08/06) (Cont.) 6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

   Note and Security Agreement dated May 2, 2008

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

   Delinquent payments are being capitalized and remaining terms will remain in effect subject to monthly payments being made pursuant to a new 19 month amortization schedule.

SIGNATURE(S):

Borrower:

ROBERT W. BUCHER
(Print Name)

*Robert W Bucher*
(Signature)

Date: 12-16-09

Co-borrower, if also reaffirming these debts:

JENNIFER L. BUCHER
(Print Name)

*Jennifer R Bucher*
(Signature)

Date: 12-16-09

Accepted by creditor:

IPAVA STATE BANK
(Printed Name of Creditor)

101 E. Broadway Street
P.O. Box 616
Astoria, IL 61501
(Address of Creditor)

*Ryan R Baker*
(Signature)

Ryan R Baker   Vice President
(Printed Name and Title of Individual Signing for Creditor)

Date of creditor acceptance:

2-01-2010

Form 240 - Reaffirmation Agreement (08/06) (Cont.) 7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor in negotiating the reaffirmation agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: Spencer Lee Daniels

Signature of Debtor's Attorney: _____

Date: 2/16/09

Form 240 - Reaffirmation Agreement (08/06) (Cont.) 8

**PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT**

*[Read and complete numbered paragraphs 1 and 2, OR, if the creditor is a Credit Union and the debtor is represented by an attorney, read the unnumbered paragraph below. Sign the appropriate signature line(s) and date your signature. If you complete paragraphs 1 and 2 and your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1.    I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ _____, and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ _____, leaving $ _____ to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____.

2.    I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: 12/16/09

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*
I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
(Debtor)

_____
(Joint Debtor, if any)

Date: _____

Form 240 - Reaffirmation Agreement (08/06) (Cont.) 9

**PART E: MOTION FOR COURT APPROVAL**

*[To be completed and filed only if the debtor is not represented by an attorney in negotiating the reaffirmation agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):


Therefore, I ask the court for an order approving this reaffirmation agreement.

Signed: _[signature]_
(Debtor)

_[signature]_
(Joint Debtor, if any)

Date: 12-16-09

12/8/2009 11:20:28 AM - 0686 - PNAFF - V0586AA - Passport Desktop 4.25.20

**Brief LNS Inquiry - BUCHER, ROBERT W - 0000020058674**

| | | | |
|---|---|---|---|
| Original Principal | $3,075.00 | Note Date | 05/02/2008 |
| Current Balance | $1,634.85 | Next Pay Due Date | 12/02/2009 |
| Escrow Balance | $0.00 | Final Maturity Date | 05/02/2011 |
| Late Charge Balance | $10.00 | Last Active Date | 11/09/2009 |
| Payoff Amount | $1,655.11 | Regular Pay Amount | $96.24 |
| Daily Interest Factor | $0.3530 | Escrow Pay Amount | $0.00 |
| Interest Due | $10.26 | Interest Rate | 7.900% |
| Note Type | Reg P&I | Payment Frequency | Monthly |
| Committed Liability | $0.00 | Report Code | Installment |
| Revolve Code | | Interest Type | Simple |
| Collateral Codes | Vehicle(s) | | |

< Previous    Next >    Full Inquiry    Cancel

Reaffirming

**Note, Disclosure, and Security Agreement**

| Lender | Borrower | |
|---|---|---|
| IPAVA STATE BANK<br>101 E BROADWAY ST<br>PO BOX 616<br>ASTORIA, IL 61501 | ROBERT W. BUCHER<br>3994 N FISK RD<br>ASTORIA, IL 61501 | Loan Number 2005867-50<br>Loan Date 05-02-2008<br>Maturity Date 05-02-2011<br>Loan Amount 3,075.00<br>Renewal of |
| | ☐ Refer to the attached addendum for additional Borrowers and their signatures. | |

### Truth-in-Lending Disclosures

| Annual Percentage Rate<br>The cost of my credit as a yearly rate.<br>9.601 % | Finance Charge<br>The dollar amount the credit will cost me.<br>$ 464.64 | Amount Financed<br>The amount of credit provided to me or on my behalf.<br>$ 3,000.00 | Total of Payments<br>The amount I will have paid when I have made all scheduled payments.<br>$ 3,464.64 |
|---|---|---|---|

My Payment Schedule Will Be:                                    "e" means an estimate.
Payments    Amount of Payments            When Payments Are Due

36          $ 96.24                       MONTHLY BEGINNING 06-02-2008
            $
            $
            $

**Demand.** ☒ This note has a demand feature. ☐ This note is payable on demand and all disclosures are based on an assumed maturity of one year.
**Prepayment.** If I pay off this note early, I ☒ may ☐ will not have to pay a penalty.
☒ If I pay off this note early, I ☐ may ☒ will not be entitled to a refund of part of the additional finance charge.

☒ **Late Charge.** If a payment is late (more than 10 days after due) I will be charged 5.000% OF THE LATE AMOUNT WITH A MIN OF $10.00 AND A MAX OF $40.00
**Security.** I am giving a security interest in:
☒ the goods or property being purchased. 2000 PONTIAC GRAND PRIX SE
☐ collateral securing other loans with you may also secure this loan.
☐ my deposit accounts and other rights to the payment of money from you.
☐ (brief description of other property)


Filing Fees. $_____        Non-filing Insurance. $_____
☐ **Required Deposit.** The annual percentage rate does not take into account my required deposit.
☒ **Assumption.** Someone buying the property securing this obligation cannot assume the remainder of the obligation on the original terms.
**Contract Documents.** I can see my contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

### Promissory Note

**Promise to Pay.** For value received, I promise to pay to you, or your order, at your address above, the principal sum of $ 3,075.00 ,
plus interest from 05-02-2008 at the rate of
7.900 % per year until 05-02-2011 .
Interest accrues on a ACTUAL/365 basis. I agree to pay late charges in accordance with the provisions shown in the Truth-in-Lending Disclosures. The purpose of this loan is PURCHASE VEHICLE
**Payment.** I will pay this note as follows:
ON DEMAND, BUT IF NO DEMAND IS MADE THEN 36 MONTHLY PAYMENTS OF $96.24 BEGINNING 06-02-2008.

☐ Other Terms.

### Itemization of Amount Financed

| | | |
|---|---|---|
| Amount given to me directly | $ | 3,000.00 |
| Amount paid on my (loan) account | $ | |
| TO LENDER | $ | 75.00 |
| Amount paid to others on my behalf (You may retain or receive a portion of these amounts.) | | |
| To insurance companies | $ | |
| To public officials | $ | |
| | $ | |
| | $ | |
| (less) Prepaid Finance Charge(s) | $ | 75.00 |
| Amount Financed | $ | 3,000.00 |

**Post-Maturity Interest.** Interest will accrue after maturity on the unpaid balance of this note on the same basis as interest accrues before maturity, unless a specific post-maturity interest rate is agreed to in the next sentence.
☒ Interest will accrue at the rate of 7.900 % per year on the balance of this note not paid at maturity, including maturity by acceleration.
☒ **Additional Finance Charge.** I also agree to pay a service charge of $ 75.00 . This service charge ☒ is not refundable ☐ may be refundable upon prepayment. This fee will be ☐ paid in cash. ☐ paid pro rata over the term of the loan. ☒ withheld from the proceeds. (If this fee is withheld from the proceeds, the amount is included in the principal sum.)
☒ **Minimum Interest Charge.** I agree to pay a minimum interest charge of $ 25.00 if I pay this note off before you have earned that much in interest.

☐ **Returned Payment Fee.** I agree to pay a service charge of $_____ for each payment (check or automatic payment) returned unpaid.

### Security Agreement

**Security.** To secure the obligations of this Loan Agreement, I give you a security interest in the Property described below:
2000 PONTIAC GRAND PRIX SE





☒ **All Debts.** The Property will also serve as collateral for all present and future debts.

☐ **Other Security.** This Loan Agreement is secured by

---

Expere℠ Simple Interest Note, Disclosure, and Security Agreement                    Consumer Loan - Not for Open-End Credit
© 2002 Bankers Systems, Inc., St. Cloud, MN Form NDaS-SI-IL 6/1/2002                                            Page 1 of 3

## Additional Terms of the Promissory Note

**Definitions.** As used in this Loan Agreement, ☒ indicates terms that apply to this Loan Agreement. *Loan Agreement* refers to this Promissory Note, Security Agreement, and Truth in Lending Disclosures, and any extensions, renewals, modifications, and substitutions of this Loan Agreement. *Loan* refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction, such as applications, security agreements, disclosures, or notes, and this Loan Agreement. *Security Agreement* refers to the security agreement contained within this Loan Agreement. *Secured Debts* refers to all sums advanced to you under the terms of the Loan Agreement, and all present and future debts (if the All Debts subsection of the Security Agreement has been checked). The pronouns *I*, *me* and *my* refer to each Borrower signing this Loan Agreement, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Loan Agreement. *You* and *your* refer to the Lender and its successors and assigns.

**Payments.** Unless otherwise provided in the Other Terms section, each payment I make on this Loan Agreement will be applied first to any charges I owe other than principal and interest, then to interest that is due, and finally to principal that is due. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment. The actual amount of my final payment will depend on my payment record.

**Interest.** Interest will accrue on the unpaid principal balance until paid in full. For interest calculation, the accrual method will determine the number of days in a year. The interest rate and other charges on this Loan Agreement will never exceed the highest rate or charge allowed by law for this loan. If the amount collected is found to exceed the highest rate or charge allowed, you will refund an amount necessary to comply with the law.

**Post-Maturity Interest.** Interest will accrue on the principal balance remaining unpaid after final maturity at the rate specified in this Loan Agreement. For purposes of this section, final maturity occurs on any of the following dates.
- If this Loan Agreement is payable on demand, on the date you make demand for payment.
- If this Loan Agreement is payable on demand with alternate payment date(s), on the date you make demand for payment or on the final alternate payment date, whichever is earlier.
- On the date of the last scheduled payment of principal.
- On the date you accelerate the due date of this Loan Agreement (demand immediate payment).

**Prepayment.** I may prepay this Loan Agreement in whole or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**Commissions.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**Warranties and Representations.** I have the power and authority to enter into this Loan Agreement. The execution and delivery of this Loan Agreement will not violate any agreement governing me or my property, or to which I am a party. I own all of the Property, unless otherwise agreed and disclosed to you in writing. Your claim to the Property is ahead of the claims of any other creditor, except as disclosed in writing to you prior to any advance on the Secured Debts. The Property has not been and will not be used for any purpose that would violate any laws or subject the Property to forfeiture or seizure.

**Default.** Subject to any limitations in the Real Estate or Residence Security section, I will be in default if any of the following occur.
- I fail to make a payment when due.
- I fail to perform any condition or keep any promise of this or any agreement I have made with you.

**Remedies.** Subject to any limitations in the Real Estate or Residence Security section, after I default, and after you give any legally required notice and opportunity to cure the default, you may at your option do any one or more of the following.
- Make all or any part of the amount owing by the terms of this Loan Agreement due.
- Use any and all remedies you have under state or federal law, or in any instrument securing this Loan Agreement.
- Make a claim for any and all insurance benefits or refunds that may be available on my default.
- Set off any amount due and payable under the terms of this Loan Agreement against my right to receive money from you, unless prohibited by law.
- Make amounts advanced on my behalf due and add those amounts to the balance owing under the terms of this Loan Agreement.
- Require me to gather the Property and make it available to you in a reasonable fashion (unless prohibited by law); keep or dispose of the Property as provided by law; apply the proceeds to your expenses of collection and enforcement and then to the Secured Debts; and, unless prohibited by law, and following any required notice of deficiency, hold me liable for any deficiency if what you receive from the sale does not satisfy the Secured Debts.

By choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**Real Estate or Residence Security.** If this Loan Agreement is secured by real estate or a residence that is personal property, the existence of a default and your remedies for such a default will be determined by applicable law, by the terms of any separate instrument creating the security interest and, to the extent not prohibited by law and not contrary to the terms of the separate security instrument, by this Loan Agreement.

**Waivers.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate, and notice of dishonor. You may renew or extend payments on this Loan Agreement, regardless of the number of such renewals or extensions. You may release any Borrower, endorser, guarantor, surety, accommodation maker, or any other cosigner. You may release, substitute, or impair any Property securing this Loan Agreement.

**Collection Expenses & Attorneys' Fees.** On or after Default, to the extent permitted by law, I agree to pay all reasonable expenses of collection, enforcement, or protection of your rights and remedies under this Loan Agreement. Expenses include, but are not limited to, reasonable attorneys' fees, court costs and other legal expenses. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the rate provided in the terms of this Loan Agreement. All fees and expenses will be secured by the Property I have granted you, if any. To the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

**General Provisions.** This Loan Agreement is governed by the laws of Illinois, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located. If two or more Borrowers sign this Loan Agreement, we are liable to repay jointly and severally. This Loan Agreement is the complete and final expression of our agreement. No modification of this Loan Agreement is effective unless made in writing and signed by me and you. The duties and benefits of this Loan Agreement will bind and benefit the successors and assigns of me and you. If any provision of this Loan Agreement is unenforceable, then the unenforceable provision will be severed and the remaining provisions will be enforceable.

Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to my last known address. Notice to one party will be deemed to be notice to all parties. Where a notice is required, I agree that 10 days prior written notice will be reasonable notice to me under the Uniform Commercial Code or other applicable state law.

I will provide you any financial statement or information you request. All financial statements and information I give you will be correct and complete. My name and address are my exact legal name and my principal residence. I will provide you with at least 30 days notice prior to changing my name or principal residence.

I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property.

## Additional Terms of the Security Agreement

**Generally.** *Property* means any collateral described in this Loan Agreement in which I have an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products from the Property. Property includes all parts, accessories, repairs, replacements, improvements, and accessions to the Property; any original evidence of title or ownership; and all obligations that support the payment or performance of the Property.

If the All Debts subsection is checked, the Property also secures all present and future debts, even if this Loan Agreement is not referenced in the debt instrument, the future debts are also secured by other collateral, or if the future debt is unrelated to or of a different type than this debt. Nothing in this Loan Agreement is a commitment to make future loans or advances. This Loan Agreement will not secure any debt for which you fail to give any required notice of the right of rescission (i.e., right to cancel), or any debt for which a non-possessory, non-purchase money security interest is created in *household goods* in connection with a *consumer loan*, as those terms are defined by federal law governing unfair and deceptive credit practices.

**Purchase Money Security Interest.** If this is a purchase money loan (the loan proceeds are used to purchase the collateral), I authorize you, at your option, to disburse the loan proceeds directly to the seller of the Property. The portion of the Property purchased with loan proceeds will remain subject to your purchase money security interest until the Secured Debts are paid in full. Payments on any non-purchase money loan also secured by this Security Agreement will not be applied to the purchase money loan. Payments on the purchase money loan will be applied first to the non-purchase money portion of the loan, if any, and then to the purchase money portion in the order in which the purchase money Property was acquired. If the purchase money Property was acquired at the same time, then payments will be applied in the order you select. No security interest will be terminated by application of this formula.

**Waivers.** I waive all claims for loss or damage caused by your acts or omissions where you acted reasonably and in good faith. I waive all rights I have now or in the future to a homestead or personal property exemption in the Property.

**Assumptions.** Someone buying the Property cannot assume the obligation. You may declare the entire balance of the Loan Agreement to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of the Property.

**Perfection of Security Interest.** I authorize you to file a financing statement covering the Property. I agree to comply with, facilitate, and otherwise assist you in connection with perfecting your security interest under the Uniform Commercial Code.

**Duties Toward Property.** I will protect the Property and your interest against any competing claim. Except as otherwise provided in this Loan Agreement, I will keep the Property in my possession at the address indicated in this Loan Agreement. I will keep the Property in good repair and use it only for personal, family, or household purposes. I will immediately inform you of any loss or damage to the Property. You have the right of reasonable access to inspect the Property.

I will keep books, records, and accounts about the Property and my assets in general, to which I will allow you reasonable access. I will pay all taxes and assessments levied or assessed against me or the Property. I will not sell, lease, license, or otherwise transfer or encumber the Property without your prior written consent. You do not authorize any sale or other disposition of the Property. Any sale or disposition you do not authorize will violate your rights.

If I pledge the Property to you (deliver the Property into your, or your designated third party's possession or control), I will, upon receipt, deliver any proceeds and products of the Property to you. I will provide you with any notices, documents, financial statements, reports, and other information relating to the Property I receive as the owner of the Property.

**Insurance.** I agree to keep the Property insured against the risks reasonably associated with the Property until the Property is released from this Security Agreement. I may provide the required insurance through an existing policy of insurance that I own or control, or through a policy that I buy. I have free choice in the selection of an insurance company, subject to applicable law. I will maintain this insurance in the amounts you require and have the insurance company name you as loss payee on any insurance policy. I will give you and the insurance company immediate notice of any loss. You may apply the insurance proceeds toward what is owed on the Secured Debts. If the insurance proceeds do not cover the amounts I owe you, I will pay the difference. You may require additional security as a condition of permitting any insurance proceeds to be used to repair or replace the Property. If you acquire the Property in damaged condition, my rights to any insurance policies and proceeds will pass to you to the extent of the Secured Debts. I will immediately notify you of cancellation or termination of insurance.

Unless I provide evidence of the insurance coverage required by my agreement with you, you may purchase insurance at my expense to protect your interests in my collateral. This insurance may, but need not, protect my interests. The coverage that you purchase may not pay any claim that I make or any claim that is made against me in connection with the collateral. I may later cancel any insurance purchased by you, but only after providing evidence that I have obtained insurance as required by our agreement. If you purchase insurance for the collateral, I will be responsible for the costs of that insurance, including the insurance premium, interest and any other charges you may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to my total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance I may be able to obtain on my own.

**Authority to Perform.** I authorize you to do anything you deem reasonably necessary to protect the Property and your security interest in the Property. If I fail to perform any of my duties under this Loan Agreement, you are authorized, after providing me with any required notice and opportunity to perform, to perform the duties or cause them to be performed and add the costs of performance to the Secured Debts. These authorizations include, but are not limited to, permission to pay for the repair, maintenance, and preservation of the Property and taking any action to obtain or preserve the benefits and rights of the Property. Your authority to perform for me will not create an obligation to perform and your failure to perform will not preclude you from exercising any other rights under the law or this Security Agreement. If you come into actual or constructive possession of the Property, you will preserve and protect the Property to the extent required by law. Your duty of care with respect to the Property will be satisfied if you exercise reasonable care in the safekeeping of the Property or in the selection of a third party in possession of the Property.

**Third Party Agreement**

For the purposes of the provisions within this enclosure, *I*, *me* or *my* means the person signing below and *you* means the Lender identified in this Loan Agreement.

I agree to give you a security interest in the Property that is described in the Security Agreement section. I agree to the terms of this Loan Agreement, but I am in no way personally liable for payment of the debt. This means that if the Borrower defaults, my interest in the secured Property may be used to satisfy the Borrower's debt. I agree that you may, without releasing me or the Property from this Third Party Agreement and without notice or demand upon me, extend new credit to any Borrower, renew or change this Loan Agreement one or more times and for any term, or fail to perfect your security interest in, impair, or release any security (including guaranties) for the obligations of any Borrower.

I have received a completed copy of this Loan Agreement.

X_____

☐ **Single Interest Insu**....  I may obtain single interest insurance from anyone I want that is acceptable to you. If I get the insurance from or through you I will pay $_____ for _____ of coverage.

☒ **Property Insurance.** I may obtain property insurance from anyone I want that is acceptable to you. If I get the insurance from or through you I will pay $_____ for _____ of coverage.

### Federal Sale of Insurance Disclosure

*Product* refers to any insurance product or annuity I purchase from you. With regard to any Product I purchase from you, the following apply.
- The Product is not a deposit account or other obligation of any depository institution or any affiliate of any depository institution.
- The Product is not guaranteed or insured by any depository institution or any affiliate of any depository institution.
- The Product is not insured by the Federal Deposit Insurance Corporation (FDIC).
- The Product, except in the case of Federal Flood Insurance or Federal Crop Insurance, is not insured by any federal government agency.
- ☐ If this box is checked, there is investment risk associated with the Product, including the possible loss of value.

By signing, I acknowledge that I have received a copy of this disclosure on today's date. Unless these disclosures are provided electronically or I have purchased the Product by mail, I also acknowledge that you have provided these disclosures to me orally.

X_____Date_____

X_____Date_____

X_____Date_____

### NOTICE TO COSIGNER

You (the cosigner) are being asked to guaranty this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.
You may have to pay up to the full amount of the debt if the borrower does not pay. You also may have to pay late fees or collection costs, which increase this amount.
The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of *your* credit record.
This notice is not the contract that makes you liable for the debt.

### Signatures

Notice. See all pages for important information.

By signing, I agree to the terms contained in this Loan Agreement. I also acknowledge receipt of a copy of this Loan Agreement on today's date.

Cosigners. See Notice to Cosigner above before signing.

X_____/s/ Robert W. Bucher_____
ROBERT W. BUCHER

X_____

X_____

| (Optional) | |
|---|---|
| Signed _____ | For Lender |
| Title LOAN OFFICER | |

Attach FTC "Preservation of Consumer Claims and Defenses" Notice if Applicable.

### Insurance

**Credit Insurance.** Credit life, credit accident and sickness (disability), and any other insurance coverage quoted below, are not required to obtain credit and you will not provide them unless I sign and agree to pay the additional premium. If I want such insurance, you will obtain it for me (if I qualify for coverage). You are quoting below ONLY the coverages I have chosen to purchase.

| Credit Life | Premium | $_____ |
|---|---|---|
| ☐ Single ☐ Joint ☒ None | Term | |
| Credit Disability | Premium | $_____ |
| ☐ Single ☐ Joint ☒ None | Term | |
| | Premium | $_____ |
| ☐ Single ☐ Joint ☐ None | Term | |

Signature. My signature below means I want (only) the insurance coverage(s) quoted above. If "None" is checked, I have declined the coverage you offered.

X_____/s/ Robert W. Bucher_____DOB_____

X_____DOB_____

X_____DOB_____

# CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1G2WJ52J2YF190973 | 2000 | PONTIAC | GRAND PRIX SE | 4 DOOR | X8168606507 |
| 1G2WJ52J2YF190973 | | | | | |

| DATE ISSUED | ODOMETER | CCM | PURCHASED | | PURCHASE DATE |
|---|---|---|---|---|---|
| 06/16/08 | 147000 | | USED | | 05/03/08 |
| | 147000 | | | | |

MOBILE HOME SQ. FT.

TYPE OF TITLE: ORIGINAL

MAILING ADDRESS

IPAVA STATE BANK
PO BOX 616
ASTORIA IL 61501-0616

LEGEND(S)

ACTUAL MILEAGE

OWNER(S) NAME AND ADDRESS:
ROBERT W BUCHER
3994 N FISK RD
ASTORIA IL 61501

FIRST LIENHOLDER NAME AND ADDRESS:
IPAVA STATE BANK
PO BOX 616
ASTORIA IL 61501-0616

SECOND LIENHOLDER NAME AND ADDRESS:

### RELEASE OF LIEN

The holder of Lien on the vehicle described in this Certificate does hereby state that the lien is released and discharged.

Ipava State Bank
Firm Name _____  By: _____ Signature of Authorized Agent _____ Date _____
Firm Name _____  By: _____ Signature of Authorized Agent _____ Date _____

**NEW LIEN ASSIGNMENT:** The information below must be on an application for title and presented to the Secretary of State.

Secured Party: _____  Address: _____

Federal and state law requires that you state the mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

### ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in this title has been transferred to the following printed name and address:

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked:

ODOMETER READING _____  ☐ NO TENTHS
☐ 1. The mileage stated is in excess of its mechanical limits.
☐ 2. The odometer reading is not the actual mileage.
**WARNING—ODOMETER DISCREPANCY**

"If this vehicle is one of more than 5 commercial vehicles owned by me, I certify also that the vehicle is not damaged in excess of 33 1/3% of its fair market value unless this document is accompanied by a salvage application."

Signature(s) of Seller(s) X _____
Printed Name(s) of Seller(s) _____  DATE OF SALE _____
"I am aware of the above odometer certification made by seller."
Signature(s) of Buyer(s) _____  Printed Name _____

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

CONTROL NO. G06271524

*Jesse White*
JESSE WHITE, Secretary of State

**DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS.**